UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELISEO MORALEZ-BUSTON,
(A#079-002-805),

          Petitioner,

    v.

WARDEN,

          Respondent.

No.  1:26-cv-02592-DAD-SCR

ORDER AND

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee proceeding with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

Petitioner is a native and citizen of Mexico who entered the United States without inspection and has lived in the interior of the country for over 23 years.  ECF Nos. 1, 7-1.  He married a U.S. citizen and has six children.  ECF No. 1.  He is the sole financial provider for his family due to his wife's medical condition.  ECF No. 1 at 5.  Petitioner's only reported criminal history is a domestic violence conviction from 2002 for which he served 20 days in jail.  ECF No. 7-1 at 3.  Respondent does not assert that petitioner is removable based on this conviction.  See ECF No. 7-2 (Notice to Appear charging petitioner with being removable pursuant to INA §

1

212(a)(6)(A)(i) for being present without being admitted or parole).  Petitioner was detained by Immigration and Customs Enforcement ("ICE") on January 13, 2026 while a passenger in a vehicle.  ECF No. 7-1 at 2.  He is currently in custody at the Golden State Annex located in this judicial district.  Petitioner is not subject to a final order of removal.

Considering all of these facts, and consistent with the Court's reasoning and ruling in Cardenas v. Chestnut, et al., No. 1:26-cv-02073-DAD-SCR, 2026 WL 785871 (E.D. Cal. March 20, 2026) (granting § 2241 petition and finding that petitioner who had never previously encountered immigration authorities could not be detained pursuant to 8 U.S.C. § 1225(b) but only pursuant to 8 U.S.C. § 1226(a)), the undersigned finds that petitioner's custody violates the Immigration and Nationality Act.  "[I]n light of the persuasive authority in Maciel v. Noem, No. 1:26-cv-01318-DC-CKD (HC), 2026 WL 496948, at *5 (E.D. Cal. Feb. 23, 2026) which ordered the petitioner's immediate release where the respondents incorrectly detained the petitioner pursuant to 8 U.S.C. § 1225, the court finds that immediate release is the appropriate remedy in this case." Id. at *1.

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner's motion to proceed in forma pauperis (ECF No. 2) is granted.

2.  Petitioner's motion for the appointment of counsel (ECF No. 3) is denied as unnecessary in light of the recommendation contained herein.

IT IS FURTHER RECOMMENDED that:

1.  Petitioner's application for a writ of habeas corpus be granted.

2.  Respondent be directed to immediately release petitioner from respondent's custody.

3.  Respondent be prevented from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).

4.  The Clerk of Court be directed to serve **the Golden State Annex** with a copy of any order of release in this case.

5.  The Court note that its order does not address the circumstances in which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of

2

removal and petitioner receives notice of that final order of removal.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 17, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3